## POULOS et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1925.)

No. 4337.

1. **Criminal law** ⬅⇒394—**Searches and seizures** ⬅⇒7—**Search without warrant held unreasonable, and evidence obtained thereby inadmissible.**

A search by enforcement agents of the dwelling houses of defendants at night without a search warrant was not only unreasonable and in violation of Const. Amend. 4, but constituted a criminal offense under Supplemental Act Nov. 23, 1921, § 6 (Comp. St. Ann. Supp. 1923, § 10184a), and evidence thereby obtained was inadmissible against defendants, and, where the illegality of the search appeared from the evidence of the prosecution, it should have been excluded on objection made when it was subsequently offered.

2. **Criminal law** ⬅⇒1169(1)—**Admission of irrelevant evidence held prejudicial error.**

The admission in evidence against defendants of two revolvers found in their store, and having no relation to the charge against them, *held* prejudicial error.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against John Poulos and Peter Fushanis. Judgment of conviction, and defendants bring error. Reversed and remanded.

Ben W. Johnson and J. Eugene Farber, both of Toledo, Ohio (Johnson, Johnson & Farber, of Toledo, Ohio, on the brief), for plaintiffs in error.

M. E. Evans, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., and D. C. Van Buren, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before DENISON and DONAHUE, Circuit Judges, and HOUGH, District Judge.

PER CURIAM. The plaintiffs in error, John Poulos and Peter Fushanis, were tried and convicted upon all three counts of an indictment—the first count of which charged a conspiracy to violate what is common-

ly known as the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q); the second count charged the sale and distribution of cocaine; the third count charged the accused with being dealers in cocaine and with having cocaine in their possession without having registered as required by law.

There was a direct and substantial conflict in the evidence. The question of the credibility of witnesses and of the weight of the evidence are questions for the jury. It is sufficient to say that the evidence offered on the part of the government, if believed by the jury, fully sustains the verdict and judgment.

[1] It was developed by the evidence introduced upon the trial of the cause that the defendants were partners in a grocery and confectionary business at the corner of Jefferson avenue and Michigan street in the city of Toledo, Ohio; that they maintained separate dwellings in the same duplex building on Thirteenth street, some little distance from their place of business; that Fushanis resided in the lower apartment, No. 18, and Poulos lived in the upper apartment, No. 20; that in the night season of January 25, 1924, and about 7 o'clock that evening Fushanis was arrested in front of his home and taken to the police station; that after this was done the officers making the arrest returned to his home, and, without any warrant whatever, made a search of the residences of both Poulos and Fushanis; that Poulos was arrested in his store about 10 o'clock the same night, and that at about 10:30 p. m. these officers, without any search warrant, returned and made further search of these private dwellings. There is also some evidence indicating that a third search was later made on the same night. Testimony was offered by the government tending to prove that upon the first search the officers discovered a pasteboard box containing a half ounce of cocaine in the part of the basement occupied either by Poulos or Fushanis, and that upon the second search they found three crushed and empty tins with particles in the cracks, which witnesses examined and declared to be morphine. This pasteboard box of cocaine and these crushed and empty tins were offered and admitted in evidence over the objection of the defendants.

Section 6 of the Act Supplemental to the National Prohibition Act, approved November 23, 1921, generally known as the Willis-Campbell Act (Comp. St. Ann. Supp. 1923, § 10184a), provides that any officers, agent, or employé of the United States, engaged in

the enforcement of this act or the National Prohibition Act, or any other law of the United States, who shall search any private dwelling as designated in the National Prohibition Act, and occupied as such dwelling without a warrant directing such search * * * shall be guilty of a misdemeanor, and upon conviction thereof shall be fined, etc.

It is clear from the provisions of this section that both the first and second search, and, if there was a third search, then also the third search of the dwelling houses of Poulos and Fushanis in the night season, and without any warrant, were unlawful, and subjected the officers making the search to the punishment therein provided for such offense.

It is equally clear that the searches of these dwelling houses in the night season, without any search warrant, were unreasonable and in violation of article 4 of the Amendments to the Constitution of the United States, and the admission in evidence of the articles found and seized on either of these searches was in violation of article 5 of the Amendments to the federal Constitution. It is said, however, that no motion was made prior to the introduction of this evidence for the return of the property seized, but that the only objection offered was during the trial of the cause when this testimony was introduced, and these articles were offered in evidence, and that therefore the court was not required to delay the trial until evidence could be offered and the legality of the search and seizure determined. In this case the government had established by its own evidence that these searches of private dwellings were made in the night season and without any search warrant authorizing such search. There was therefore no occasion to delay the trial for the introduction of further evidence. On the contrary it fully appeared at the time this evidence and these exhibits were offered that the search was not only unreasonable and in violation of article 4 of the Amendments to the Constitution, but also a criminal offense under the provision of section 6 of the Willis-Campbell Act. Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647.

[2] It was also error to admit in evidence the revolver found in the bed at the Fushanis home, the revolver found in the office of Poulos when he was arrested, and the revolver found in his overcoat hanging on the wall of his office or storeroom. The first was the result of the forbidden search, and the second and third were immaterial,

irrelevant, and prejudicial. It is unnecessary to consider the other assignments of error. It is sufficient to say that, except for the errors above stated, no other prejudicial error is exhibited by the record.

For the reasons stated, the judgment is reversed, and cause remanded.